IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JONATHAN JACKSON, | ) | |
|---|---|---|
| | ) | Civil Action No. 10 - 883 |
| Plaintiff, | ) | |
| | ) | Chief District Judge Gary L. Lancaster |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| INDIANA COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute.

**II.  REPORT**

On July 1, 2010, Plaintiff in this case filed a civil rights action based upon his incarceration in the Indiana County Jail.  On July 8, 2010, this Court granted Plaintiff leave to proceed *in forma pauperis* in this action and ordered him to authorize payment of the $350.00 filing fee as required by 28 U.S.C. § 1915(b)(1) through monthly installments from his prison inmate account by returning to the court within twenty days a signed **AUTHORIZATION** form or a signed **WITHDRAWAL OF ACTION** form.  When Plaintiff failed to comply with this Order, the Court issued an Order on October 21, 2010, requiring Plaintiff to file his **AUTHORIZATION** form or **WITHDRAWAL OF ACTION** form no later than November 5, 2010.  The Order further informed Plaintiff that his failure to respond by November 5, 2010, would result in dismissal of his case.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).  "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the

plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter pro se. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is plaintiff's alone.

(2) Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, defendants have not yet been required to respond to the complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

2

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's Orders of July 8, 2010 and October 21, 2010. This is sufficient evidence, in the court's view, to indicate that plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that plaintiff's failure was the result of any excusable neglect. The conclusion that his failure to respond to the Court's Orders is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of the defense.

Plaintiff has failed to allege any basis for liability against Defendant. Thus, this factor weighs in favor of dismissal.

Five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                          Lisa Pupo Lenihan
                                          United States Magistrate Judge

Dated: November 18, 2010

    Jonathan G. Jackson
    HZ - 8701
    SCI PINE GROVE
    191 Fyock Road
    Indiana, PA 15701